Good morning, Your Honours. May it please the Court, David Gardner for the petitioner. The petitioner, Fredraj Vukmirovic, is a refugee from the former Yugoslavia. He first entered the United States in 1991, subsequently applying for asylum before the former INS. The application was transferred to an immigration judge, and proceedings were first heard before the immigration judge in 1996. At that time, the petitioner had already married a woman whom he had met a couple of years earlier, in 1994. The petitioner requested time to adjudicate the marriage petition, and the judge gave him that time, a year. And in April 1997, the I-130 petition was still pending before the former Immigration Service, and had not been adjudicated. The immigration judge declined to continue proceedings further, and then continued to hear the petitioner's remaining claims for asylum relief. In the transcript of the proceedings, it is clear that the immigration judge took over those proceedings, leading the questioning, and ultimately came up with a finding that the petitioner, who had participated in neighbourhood fights, which at that time were a common occurrence between Serbs and Croats, somehow triggered the persecutor bar to asylum relief. Counsel, but that's not the issue in this particular case, is it? Your Honour, the issue that the petitioner is making here is that in the context of the first proceedings, where this Court found that substantive errors of law had been made, there were exceptional circumstances which would have supported the motion to reopen, and that if looked at mechanically, solely applying the rules, a different result would apply. But in the context of the fact that this Court had ordered the case back, there was no motive for the petitioner to avoid it. But it's back to be heard on the merits. And so, if it's to be heard on the merits, and notice is given, and the petitioner does not appear, then what are we to do with that? This Court has ruled in similar circumstances in Singh v. Ayanaz, and also a case for Chete Juarez v. Ashcroft, 376, Fed 3rd, 944, which is cited by the Respondent. And it's briefed that the Court should look at the totality of the circumstances looking at the exceptional circumstances test. Well, you see, with this, I wrote Singh, and I'm familiar with that case. I think it's that Singh. There are so many of them. But in this case, it went back. The BIA said it's not our fault that the person is not here. It's not the immigration judge's fault or our fault that the hearing was held in absentia because there was no notice of appearance filed, and so they sent it to the person. They sent notice to both him and to his counsel that was the counsel of record in the case. So what was wrong with that? Simply put, Your Honor, this case fell through the cracks. Whose cracks? Which cracks did it fall through? The petitioner, who had had his case basically put on hold for more than five years, left his permanent address, did not replace a permanent address, and did not notify the Court or the present counsel of his location. And he bears responsibility for that according to the Court's rules and according to the rules. Yes. But did you have — I know that you don't want to be the fall guy here. Did you have an obligation to file a notice of appearance with the Court? I'd like to address that, Your Honor, please. I had no communication with the petitioner. I did check yesterday, in fact, with the State Bar of California that if I had entered an appearance without direct authority from the petitioner, it would be in violation of the State Bar rules and the business and professions code and subject to potential disbarment. So, therefore, I entered an appearance when the petitioner was apprehended and communicated with me and did so on that. When was that? Several months after the in absentia ruling. And I'm sorry, Your Honor, I don't have the exact date. Well, the agency sent the notice to his — to the lawyer who was the counsel of record at the time that the BIA decision was made that went up to this Court. Yes, Your Honor. And what — he did nothing? I would like to address that issue, Your Honor, which I think is the only issue which has not been ruled on by this Court. And I believe that the BIA rules and the Court rules are silent. In the decision, I think, Mazaspian, which was the last time a notice provision was before this Court, it was held that notice should be sent to the counsel of record and specifically says with the immigration court. Counsel of record with the immigration court or with the board, during the pendency of proceedings, those board proceedings terminated. Subsequent to the termination, the petitioner in July of 2002 entered an appearance in pro se with this court. And subsequent to that, my firm was retained. So there was no obligation for the board to notify myself because I was not attorney of the record. And the petitioner's argument here is that if the totality of the circumstances is looked at, a reasonable and obvious common-sense solution would have been to look at the file to find that the prior counsel had been relieved because there was — he was no longer counsel of record at the Ninth Circuit, and there was new counsel of record. The board was not obligated to do so. I'm not sure I understand it. If they looked at the record, what would they find out with respect to the former counsel? That Mr. Peck was no longer counsel of record because the petitioner filed this petition for review in the first proceedings in pro se. But notice was sent to the petitioner personally, but he was not at that address. So that argument doesn't really help you a lot. There are two arguments. One is on the responsibility of counsel, and one is on the responsibility of petitioner. If we all agree that the only valid notice was sent to the petitioner, the petitioner basically lost track and failed to keep in contact. He is at fault. But Singh and other cases have indicated that where there's availability of relief, all of the circumstances should be considered. Is that true if the relief is discretionary? In Chetty v. — Juarez v. Ashcroft, the relief was suspension of deportation. Which days? It's Chetty, Juarez v. Ashcroft, 376, Fed Third, 944. 2004 case, and it is cited, too, in the Respondent's brief. Okay. Do you want — you have about a minute and a half left. Your Honor, the petitioner's case here is one of due process. In Poussaint v. Holder, 558, United States, decided in January of 2010, principles were set out which clearly apply here. They emphasize that the right to due process generally overrides procedural deficiencies. And in my earlier restatement of the prior proceedings, it's clear that there were substantive violations of the petitioner's right to due process. Justice Ginsburg, in her decision in Kusana, took account of a presumption favoring interpretation of the statute to allow judicial review, and took particular note that the court in Dada v. Mukasey also found that the motion to reopen is a procedural device serving to ensure that aliens are getting a fair chance to have their claims heard, particularly, as in this case, where the underlying relief would be in the form of asylum. The violation of due process was not harmless. And, in fact, when the petitioner was detained for two years by a government agency, the immigration judge's decision, finding that he was a persecutor, was used on two separate occasions in a written review to hold him in the detention facility for criminal aliens and terrorists. This petitioner did make a mistake, is at fault, but also has substantive bites. He's asking for his day in court as required by this Court in the first proceedings. Okay. You have about five seconds left. I think we'd like to hear from the government, and you – we'll give you 30 seconds to respond. Thank you, Your Honor. We would like to hear you, sir. Thank you. I hope that in the course of your argument, you will address what's a fair thing to do here. I'm just speaking for myself, but you may proceed. May it please the Court, please have mercy of the Office of Immigration Litigation for the respondent. The only question before the Court today is whether the Board of Immigration Appeals properly denied the petitioner's motion to reopen his deportation proceedings. Here, the Board did not abuse its discretion dismissing petitioner's appeal from the immigration judge's denial of the motion to reopen removal proceedings. The record contains sufficient evidence to charge the petitioner with receipt of the notice because the notice of hearing was mailed to the petitioner's last known address, and it was mailed to his last counsel of record, who had not withdrawn his appearance, and nor had his new attorney entered appearance as required by the regulations, and as stated in the Board's practice manual, in the approximately 8 to 10 months since the Court remanded the case back to the Board. Yes, but this is the first. I've been on this Court a long time, and this is the first case that I have ever seen where someone was ordered deported in absentia after an opinion of this Court had said that the agency had made a mistake in the first time that it ordered him deported. And there seems to be a real unfairness here in deporting someone without giving him a day in court after this Court had said that he should have it. Well, as Your Honors pointed out, I mean, the relevant issue here is what the petitioner is claiming occurred here. He's claiming error on the part of the Board, which the government states that there was no error in the Board sending the notice to his counsel of record and attempting to serve the petitioner at his address. And second of all, it's in a — I'm sorry. What do the rules of the Board require when a — it was apparent from the opinion that he was not represented by the same counsel that had represented him before the Board, and the petitioner for review was not handled by the same counsel. What — after a case comes back, what is required under the Board's rules with respect to entering a notice of appearance? Well, both under the regulations and under the practice manual, a notice of appearance has to be entered by any counsel that is going to be appearing before the agency. To be frank, the counsels change from each stage of the proceeding. In this proceeding itself, there was one counsel in front of the Immigration Court, there was a different counsel in front of the Board, and there was a different counsel in front of the — in front of the Court of Appeals. So the only way that the agency could — Why would the agency assume that they should serve the one who they knew was no longer the lawyer? They had no idea that he was not the current attorney of record. He was the last one to have entered his notice of appearance before the agency. To be frank, there's no duty to inquire by the Board into who the counsel is. Either they have entered their notice of appearance or they haven't. And here, the agency did absolutely everything in its power to try to make sure that when it went back and remanned proceedings — and I understand your — that there had been — that he had never gotten any notice. Well, certainly, I mean, in this particular instance, again, I would say that the issue here is the basis for reopening. I mean, the issue here is whether or not the Board — Well, the statute says exceptional circumstances, doesn't it? Yes. Exceptional circumstances. And, you know, with all due respect to — to opposing counsel, this seems more of a case of ineffective assistance of counsel than anything. That the — that if the Petitioner wished to file a motion to reopen with the Board alleging ineffective assistance of counsel because counsel did not enter their notice of appearance and they did not receive the notice of hearing, that's a different issue. But, you know, when the mandate came down from this Court, it showed a service list of counsel. I assume that that counsel included Mr. Gardner? But, again, that was before this Court. That was not before the Board. I think that's the — that's the distinction here. Asking the agency to simply essentially mind-read who is being retained by the Petitioner, the Petitioner can certainly retain as many — whoever they wish outside of Court proceedings. I mean, even in this Court proceeding, I would say just simply looking at Pacer, at the record of this Court, in this particular case, there were attempted two briefs to be submitted. The only brief that was accepted by this Court was the one submitted by Mr. Gardner. There was another brief that was attempted to be submitted, and the Court did not accept it because that counsel did not submit a notice of appearance. What is the harm in making an exception here? I realize that the Petitioner may have been at fault in some way, but he didn't consciously waive his right to a hearing, did he? I mean, what is the mischief or the harm that would occur if we made an exception? Well, again, the standard is exceptional circumstances, and the — the statute's very — I mean, I'm sorry. Both the statute and the regulation are very clear about what type of circumstances that would — that would engender. Well, why isn't this exceptional? Didn't he reasonably — didn't he believe that he was represented by a lawyer? I mean, we — legally, I suppose you go — you look at all of the different regulations and you say, well, it was his fault because he didn't keep the Board informed of his — of his whereabouts, but he thought he had a lawyer. The Petitioner — again, the relevant question there is as to whose duty it was to inform the Board that he wasn't — that — of what the addresses were that they were supposed to be serving the notice of hearing. And here, again, the Petitioner only had provided one address. And, in fact, I would also add that in the Board's practice manual, they do state that even if you're represented, that you still must apprise the — I'm sorry, the agency of your current address. Counsel, if we made an exception in this case, how could we draw a distinction between this case and other in absentia removal cases? In terms of exceptional circumstances? Right. Would that move the line at all in terms of exceptional circumstances determinations? Well, I think that this — again, as Your Honors pointed out, this case definitely provides a very unique circumstances, but I think it would be — it would be very detrimental in terms of — I guess I would call the larger schema of exceptional circumstances to state that — essentially that the — that neither the Petitioner nor his counsel have to follow the agency regulations or the statutes saying that they have to enter their notice of appearance before the Board, and that simply to remedy that, that they can claim exceptional circumstances. I think that there's a fine line here in between simply exceptional circumstances and the — and what the Petitioner is essentially claiming, that the Board erred in not serving him with the notice of hearing. The Petitioner is claiming here that they weren't serving him — he didn't — that the Board did not — the Board and the Immigration Court did not properly serve them with the notice of hearing. That is the essence of his claim. And that is simply not an exceptional circumstance. It puts the onus on the agency to inform — to somehow inquire who counsel is. But not — I don't know that that — is that necessarily true? Because what we're doing here is a reopening after all of the facts have been developed. Well, I — In the first instance, we wouldn't necessarily have to say that they shouldn't have had that hearing, but that they should have reopened when they found out what happened. Well, for instance — That's not going to happen every day, is it? Well, I would say that, I mean, again, this is a unique circumstance because it was remanded, but this type of reasoning could be expanded to any sort of instance where there has been a change of counsel that the agency wasn't informed for. I mean, to give a distinction, the case that the Petitioner quoted, Chete Juarez, I mean, in there, there was a gap in time in between when the case was referred to the Immigration Court and when the Board of Immigration Appeals remanded it back to the Immigration Court. But the Petitioner there had stated she had completed a change of address form, and for some reason it was given — the notice was still sent to the old address. What distinguishes this case is that there was no such error on the part of the agency here. I mean, the agency served properly exactly who it was supposed to serve. Okay. I think we understand your position, and you have used your time. Thank you. Well, I would also like to add, again, the other distinguishing characteristic here is — Could you wrap up your argument quickly? I'm sorry. Because you're in the red. Yes. And I would like to state, in conclusion, the other distinguishing characteristic here, as Petitioner pointed out, was that unlike the other cases Chete Juarez is saying, and more like the case in Sharma or in Farood, the only relief here that is possible for the Petitioner to achieve is something that still needs to be in front of the agency, asylum. And it's a discretionary relief, and it has to be heard before the agency. Thank you. Thank you. Petitioner does not contend that the Board was in error by failing to notify new counsel. Petitioner contends that the Board erred by holding prior counsel as attorney of record. There is no such obligation. So, counsel, let me ask you this. How would our decision read? What would be the holding that you would have us make in this case that would be the holding of this case that would be binding in the Ninth Circuit? I would not have taken this to the Ninth Circuit. It would have been resolved. But since it's here — Since it's here, we have to write an opinion. Since it is here — What would the opinion hold? There was no effective notice to prior counsel of record. The petitioner failed to comply with his obligation to adhere to warnings given to him six years previously. Under the totality of the circumstances, looking at the fact that he's an asylum applicant, had 19 years waiting for relief, there were substantive errors of due process, and the Supreme Court has — What were the due process errors? The judge misinterpreted the persecutor bar, denied a continuance for available relief at the time, led the petitioner, if you look at the transcript, conducted the proceedings, and found statements. But that was all addressed in the remand. Right. That was all addressed in the remand. So how does that affect due process in terms of the notice? The notice, the court — we're not putting fingers. The judge — the immigration court did nothing wrong. The board did nothing wrong. A mistake was made. And there is precedent of this Court to look at the circumstances and — So these are exceptional circumstances. And there are exceptional circumstances. Okay. Thank you. You have used your time. Thank you, Your Honor. The case just argued is submitted for decision. The Court appreciates the argument of counsel. We'll hear the next case, which is Perez-Vazquez v. Holder. Oh, is that the one we're skipping? Oh, wait. It's submitted. I'm sorry. That's been submitted. Oh, I'm sorry. I was reading from the wrong list. Perez-Vazquez is submitted on the briefs.
judges: Schroeder, Rawlinson, Moody